[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Union Trust Company's motion to cite in Lois Kreisel was granted by this court on April 20, 1992, and the accompanying complaint alleges that in 1989 the named defendant Daniel L. Gotthilf transferred to Kreisel cash, notes and bonds worth $335,000 without consideration and with fraudulent intent. The sheriff's return of service indicates that in May, 1992, he purported to serve Kreisel by serving the Connecticut Secretary of the State pursuant to General Statutes 52-59b, and by sending a copy of the process via certified mail addressed to her at an address in North Salem, New York.
Kreisel moved (#145) to dismiss the action pursuant to Practice Book 143(2) for lack of jurisdiction over the person on the basis that at the time of the purported service, she was a resident of Ridgefield, Connecticut and service should have therefore followed the mandates of General Statutes 52-54 for service of process on a resident of this state, viz, either personally or at one's abode. This court held a Standard Tallow type evidentiary hearing, where the evidence indicated clearly that Kreisel moved from North Salem to Ridgefield on or about January 15, 1989, well before the deputy sheriff attempted to serve her with process.
General Statutes 52-59b(c) pertains to service of process on nonresidents, yet Kreisel clearly was a resident of this state at the time service of process was effected upon her on May 2, 1992. General Statutes 52-54, pertaining to service on residents, requires either personal service or leaving process at a defendant's "usual place of abode." Since neither type of service was effectuated on Kreisel, a resident of this state, her motion to dismiss for lack of personal jurisdiction is hereby granted.
So Ordered.
Dated at Stamford, Connecticut, this 4th day of February, 1994.
WILLIAM BURKE LEWIS, JUDGE CT Page 1178